# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **MICHAEL ELLENBURG,**<br><br>          Plaintiff,<br><br>   v.<br><br>**PEOPLE OF THE VIRGIN ISLANDS, RESPONSIBLE GOVERNMENT AGENTS OR AGENCIES ON EXTRACTION, JOHN DOE, MARY DOE,**<br><br>          Defendants.<br>_____ | 1:23-cv-00035-WAL-EAH |

**TO:**   Michael Ellenburg, *Pro Se*

## REPORT AND RECOMMENDATION

THIS MATTER comes before the Court *sua sponte* for an initial screening of the complaint filed by Plaintiff, Michael Ellenburg, a prisoner proceeding pro se and in forma pauperis pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the following reasons, it is **RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE** with leave to amend within an appropriate time frame ordered by the District Court.

### BACKGROUND

Ellenburg filed an "Amended Complaint for Violation of Civil Rights" pursuant to 42 U.S.C. § 1983 on August 28, 2023. Dkt. No. 1. It appears that he had filed a complaint in May 2023 in Montana that was dismissed for improper venue, and he refiled the complaint in this Court once he was extradited from Montana to St. Croix. *Id.* at 9-11. Ellenburg names as Defendants The People of the Virgin Islands, "Responsible Government Agents or Agencies on Extradition," John Doe, and Mary Doe. *Id.* at 1. He asserts Sixth and Fourteenth Amendment and Speedy Trial Act violations, stating that

1,250 days have passed since the information on Virgin Islands charges was filed in this case (on October 31, 2019), and trial has still not commenced. He asks that the indictment against him be dismissed with prejudice. *Id.* at 5. He filed over 100 pages of attachments comprised of various factual allegations, legal citations apparently related to the speedy trial issue, documents he filed in the Supreme and Superior Courts of the Virgin Islands, and documents pertaining to other criminal cases. Dkt. No. 1-1 to 1-15.

The Court granted Ellenburg's application to proceed in forma pauperis on October 27, 2023. Dkt. No. 13. He has also filed a motion to dismiss his indictment, Dkt. No. 9, and a motion to transfer his case from the Superior Court to the District Court, Dkt. No. 14.

Pursuant to its duty to conduct an initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court now issues this Report & Recommendation ("R&R"), recommending that the Amended Complaint be dismissed without leave to amend.

**APPLICABLE LEGAL STANDARD**

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b),[1] or brings a claim with respect to prison conditions, *see* 42 U.S.C. §

---

[1] 28 U.S.C. § 1915A provides, in relevant part:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Ellenburg v. People of the Virgin Islands*
1:23-cv-00035-WAL-EAH
Report and Recommendation
Page 3

1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Ellenburg is a prisoner proceeding in forma pauperis.

Whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).; *see also Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (finding that although the Court must accept the allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation."). Thus, in order to state a valid cause of action, a plaintiff must provide factual grounds for relief that "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Ellenburg is proceeding *pro se*, his pleadings are to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, he "still must allege sufficient facts in the[] complaint[] to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

---

28 U.S.C. § 1915A(b).

**ANALYSIS**

**A. Failure to State a Claim**

A review of the complaint indicates that Ellenburg has not stated a cognizable claim under 42 U.S.C. § 1983, which requires a plaintiff to "demonstrate that a person[2] acting under the color of state law violated a right protected by the Constitution or laws of the United States." *Agarwal v. Schuylkill Cnty. Tax Claim Bureau*, 442 F. App'x 733, 735 (3d Cir. 2011). The first step is to "identify the exact contours of the underlying right said to have been violated" and to determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 841 n. 5 (1998).

Ellenburg's essential claim is that the "People of the Virgin Islands" violated his Constitutional rights and the Speedy Trial Act by failing to bring his case to trial in the Superior Court for over 1,250 days since the information was filed in October 2019.[3] He attached motions that he apparently filed in both the Superior Court and the Supreme Court of the Virgin Islands challenging his incarceration on constitutional/speedy trial grounds. Dkt. Nos. 1-5, 1-6, He does not indicate what the resolution of those motions may have been, if in fact they have been adjudicated.

To the extent that Ellenburg alleges a speedy trial violation, "he may not proceed with that claim in a civil rights action. The 'only possible remedy' for a speedy trial violation is the dismissal of the indictment, so this claim may only be brought in a habeas

---

[2] "[T]he Government of the Virgin Islands, its agencies, and its employees sued in their official capacities are not 'persons' under 42 U.S.C. § 1983." *Tobal v. V.I. Police Dep't*, No. 2010-0062, 2022 WL 136481, at *12 (D.V.I. Jan. 13, 2022) (citing *McCauley v. Univ. of the V.I.*, 618 F.3d 232, 240 (3d Cir. 2010); *Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990)). Ellenburg cannot bring a § 1983 claim against the People of the Virgin Islands or its agencies.
[3] The Motion for Speedy Trial filed on his behalf in the Superior Court on February 9, 2023 states that Ellenburg was arrested on October 7, 2022 in Montana. Dkt. No. 1-6.

corpus proceeding." *Davis v. McBride*, No. 20-cv-17578, 2021 WL 2310089, at *1–2 (D.N.J. June 7, 2021) (quoting *Barker v. Wingo*, 407 U.S. 514, 522 (1972)); *cf. Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 246 (3d Cir. 2018) ("Courts have consistently refused to exercise their habeas authority in cases where federal prisoners have sought relief before standing trial. Instead, Courts have long stressed that defendants should pursue the remedies available within the criminal action."). Thus, Ellenburg has failed to state a claim under § 1983 because his speedy trial claim can be brought only in a habeas proceeding.

To the extent Ellenburg seeks to challenge his extradition from Montana to the Virgin Islands, he provides no details whatsoever concerning what occurred, who the officers were (or what state they were affiliated with), and what the alleged constitutional violations may have been. Moreover, similar to his speedy trial claim, a cause of action challenging a *pending* extradition must be brought by way of a writ of habeas corpus. *Stokes v. City of Phila.*, 22-cv-2976, 2022 WL 2952914, at *3 (D.N.J. July 26, 2022). However, "once an accused has been placed in the custody of the state demanding his extradition, the legality of the extradition may not be attacked by way of habeas corpus." *Danzy v. Johnson*, 417 F. Supp. 426, 431 (E.D. Pa. 1976), *aff'd* 582 F.2d 1273 (3d Cir. 1978). Thus, "[d]espite the alleged illegality of his extradition . . . Petitioner is not entitled to a writ of habeas corpus because he is already in the custody of the demanding state." *McGeachy v. Veley*, No. 10-cv-3343, 2010 WL 3359520, at *2 (D.N.J. Aug. 24, 2010). Here, too, Ellenburg has failed to state a claim under § 1983 because challenges to a pending extradition may be brought only in a habeas action, and since the extradition has already occurred, he has no remaining claim.

Because Ellenburg has failed to state a claim under § 1983, it is recommended that the Court dismiss his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(ii) and 1915A(b)(1).

*Ellenburg v. People of the Virgin Islands*
1:23-cv-00035-WAL-EAH
Report and Recommendation
Page 6

It is also recommended that his motion for transfer, Dkt. No. 14, and motion to dismiss the indictment, Dkt. No. 9, be denied as moot.

### B. Amendment

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d. Cir. 2002). Amendment here would be futile because even if Ellenburg clarified his allegations and provided additional details concerning his claims, his causes of action would still not be cognizable under 42 U.S.C. § 1983 for the previously discussed reasons. It is therefore recommended that the complaint be dismissed with prejudice.

### CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that the complaint be **DISMISSED WITH PREJUDICE.** It is also **RECOMMENDED** that the motion to dismiss his indictment, Dkt. No. 9, and the motion to transfer his case from the Superior Court to the District Court, Dkt. No. 14, be **DENIED AS MOOT**. The Clerk of Court shall not issue summonses or direct service of Plaintiff's Complaint until further Order of the Court.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice, 28 U.S.C. § 636(b)(1), and must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3.  Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge.  *See, e.g., Thomas v. Arn*, 474 U.S. 140 (1985).

*Ellenburg v. People of the Virgin Islands*
1:23-cv-00035-WAL-EAH
Report and Recommendation
Page 7

The Clerk of Court shall mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested.

ENTER:

Dated: December 7, 2023

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE