DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| MICHAEL ELLENBURG, )<br>)<br>         **Plaintiff,** )<br>)<br>v. )<br>)<br>PEOPLE OF THE VIRGIN ISLANDS, )<br>RESPONSIBLE GOVERNMENT AGENTS )<br>OR AGENCIES ON EXTRACTION, )<br>JOHN DOE, MARY DOE, )<br>)<br>         **Defendants.** )<br>) | Civil Action No. 23-0035 |

**Appearances:**
**Michael Ellenburg**
    *Pro Se*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Magistrate Judge Emile A. Henderson III's Report and Recommendation ("R&R") (Dkt. No. 21), in which Magistrate Judge Henderson recommends that the Court *sua sponte* dismiss the *pro se* "Amended Complaint for Violation of Civil Rights" ("Complaint") filed by Plaintiff Michael Ellenburg ("Ellenburg"). No objections to the R&R were filed. For the reasons discussed below, the Court will adopt the R&R, as modified herein, to the extent that it recommends dismissal of the Complaint with prejudice,[1] and denial as

---

[1] At the outset of the R&R, Magistrate Judge Henderson recommends a dismissal of the Complaint without prejudice and with leave to amend. (Dkt. No. 21 at 1). However, at the conclusion, after having completed his analysis, he recommends dismissal of the Complaint with prejudice. *Id.* at 6. The Court will dismiss with prejudice for the reasons provided below.

moot of Plaintiff's Motion to Transfer and Motion to Dismiss the Indictment.[2]

## I. BACKGROUND

The following is a summary of the relevant facts as they pertain to the R&R.

On August 28, 2023, Ellenburg's Complaint pursuant to 42 U.S.C. § 1983 was docketed in this Court, alleging—*inter alia*—that the Government of the Virgin Islands violated his Sixth and Fourteenth Amendments rights, along with his Speedy Trial rights provided by 18 U.S.C. §§ 3161-74. (Dkt. No. 1 at 4). Ellenburg is presently a defendant in a criminal case brought by the Government of the Virgin Islands in the Superior Court of the Virgin Islands ("Superior Court"), SX-2020-CR-311, in which the People of the Virgin Islands filed an Information on November 18, 2020. (Dkt. No. 14 at 1).[3] However, Ellenburg was not arrested until October 7, 2022, when he was placed in custody in Missoula, Montana. (Dkt. No. 9 at 1). Ellenburg was then transferred to St. Croix in early 2023 to stand trial. *Id.* He is presently incarcerated, and this Court granted his application to proceed *in forma pauperis*. (Dkt. Nos. 2, 13).

Ellenburg complains, among other things, that his trial has not commenced within 365 days of the filing of the Information, in violation of the Speedy Trial Act and his Sixth and Fourteenth Amendment rights. (Dkt. No. 1 at 4). Ellenburg requests that the charges against him be dismissed (Dkt. No. 1 at 5) and that his case be transferred from the Virgin Islands Superior Court to this Court (Dkt. No. 14 at 2). At present, Ellenburg's case has not yet proceeded to a trial.

---

[2] In this Motion Ellenburg seeks dismissal of an indictment, and it is labeled on the Court's docket as a "Motion to Dismiss [I]ndictment." However, an Information was filed against Plaintiff in the Superior Court for the Virgin Islands, not an Indictment.

[3] Ellenburg states that the Information was filed on November 19, 2020, but based on the docket of the Superior Court, the Information was filed on November 18, 2020.

## II.   APPLICABLE LEGAL PRINCIPLES

### A.   Standard of Review

Parties may make "specific written objections" to a magistrate judge's R&R "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); LRCi 72.3. When reviewing an R&R, a district judge must review *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (similar). Where the parties do not object to a magistrate judge's R&R, there is no requirement that a district court review the R&R before accepting it. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Sunshine Shopping Ctr., Inc. v. LG Elecs. Panama*, Civ. A. No. 15-0041, 2023 WL 6388015, at *3 (D.V.I. Sept. 30, 2023) (citing *Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011). Despite the Supreme Court's decision in *Thomas*, the Third Circuit has stressed that, even in the absence of an objection, the "better practice [is] to afford some level of review to dispositive legal issues raised by the report." *Broomall v. DA of the Cnty. of Delaware*, No. 2:22-cv-1943, 2024 WL 1163542, at *1 n.1 (E.D. Pa. Mar. 18, 2024) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)); *see also Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x at 153 ("Even if neither party objects to the magistrate's recommendation, the district court is not bound by the recommendation of the magistrate." (internal quotation omitted) (citation omitted)).

"Accordingly, a district judge reviews those parts of the magistrate judge's report and recommendation to which parties have not objected under the 'plain error' standard of review." *Sunshine Shopping Ctr., Inc.*, 2023 WL 6388015, at *3 (quoting *EEOC v. City of Long Branch*,

3

866 F.3d 93, 100 (3d Cir. 2017)); *see also United States v. Olano*, 507 U.S. 725, 734 (1993) (explaining that "plain error" means clear or obvious, and it must be prejudicial, in that "[i]t must have affected the outcome of the district court proceedings").

### B. Failure to State a Claim

Under the Prison Litigation Reform Act of 1995 ("PLRA"), courts are required to *sua sponte* review civil complaints in which a prisoner proceeds *in forma pauperis* to determine whether the case should be dismissed. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. Specifically, the law directs courts to dismiss complaints if they are frivolous, malicious, or fail to state a claim on which the court can grant relief. *Id.* at § 1915A(b)(1). In reviewing whether a prisoner proceeding *in forma pauperis* fails to state a claim, the legal standard is the same as that under Fed. R. Civ. P. 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Thus, the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the [plaintiff]." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, because Ellenburg is proceeding *pro se*, the Court must liberally construe his pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. DISCUSSION

#### A. Standard of Review

More than fourteen days have passed and no objections to the R&R have been filed. Accordingly, the Court reviews the R&R under the plain error standard. *Sunshine Shopping Ctr., Inc.*, 2023 WL 6388015 at *3; *see also Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x at

4

153.

    **B.**    **Failure to State a Claim**

In his R&R, Magistrate Judge Henderson found that Ellenburg did not plead a "cognizable claim under 42 U.S.C. § 1983." (Dkt. No. 21 at 4). The Court agrees. When analyzing whether a claim under 42 U.S.C. § 1983 has been pleaded, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States," and the plaintiff "must show that the alleged deprivation was committed by a person acting under color of [territorial] law." *Marfisi v. Powell*, Civ. No. 23-21484 (RMB-MJS), 2024 U.S. Dist. LEXIS 84360, *3 (D.N.J. May 7, 2024) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Ellenburg's complaint and allegations, liberally construed, essentially boil down to two claims: (1) that his Speedy Trial rights under the Sixth Amendment, Fourteenth Amendment, and the federal Speedy Trial Act (18 U.S.C. §§ 3161-74) were violated by the Government of the Virgin Islands; and (2) that he was arrested in Montana and transported to St. Croix to stand trial in violation of his Fourteenth Amendment Due Process rights because the Virgin Islands Superior Court does not possess "international" authority to order his detention and transfer (Dkt. 9 at 1-2). The Court will address each claim in turn.

In the local courts of the Virgin Islands, the federal Speedy Trial Act (18 U.S.C. §§ 3161-74) is inapplicable. *Alexander v. Gov't of the Virgin Islands*, 2024 V.I. 16, ¶ 17 (V.I. 2024). However, criminal defendants in the local courts *do* have a right to a speedy trial under the Sixth Amendment. *See id.* at ¶ 18 ("In the Virgin Islands, a defendant's Sixth Amendment right to a speedy trial is applicable through § 3 of the Revised Organic Act." (citing *Carty v. People*, 56 V.I. 345, 364 (V.I. 2012))). Thus, Ellenburg may only assert a right to a speedy trial under the Sixth Amendment.

Courts analyzing whether a *pro se* plaintiff proceeding *in forma pauperis* has stated a Sixth Amendment Speedy trial claim have held that "[a] speedy trial/due process claim is not cognizable under § 1983." *Perry v. Warshaw*, Civ. A. No. 11-2715 (FLW), 2011 U.S. Dist. LEXIS 109648, at *10 (D.N.J. Sept. 26, 2011). As the court explained in *Perry*, "[t]he doctrine of *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), forbids federal court interference in pending state court proceedings," and federal courts "should not permit the claimed denial of a speedy trial to result in the 'derailment of a pending state proceeding.'" *Id.* (quoting *Moore v. De Young*, 515 F.2d 437, 446 (3d Cir. 1975)). Indeed, speedy trial claims "are to be considered after the facts have developed at trial" because the "Speedy Trial Clause 'does not, either on its face or according to the decisions of [the Supreme Court], encompass a "right not to be tried" which must be upheld prior to trial if it is to be enjoyed at all.'" *Id.* at *8-*9 (citing and quoting *United States v. MacDonald*, 435 U.S. 850, 858, 861 (1978)).

To the extent that Ellenburg seeks the dismissal of the Information filed against him and release from custody, a civil rights action under 42 U.S.C. § 1983 is not the appropriate vehicle to seek such relief. Such a request for relief must be brought in a habeas corpus proceeding. *See id.* ("To the extent that Plaintiff might seek release, such request is not cognizable under § 1983 because the exclusive federal remedy for an inmate challenging his confinement is a petition for a writ of habeas corpus." (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973))); *Davis v. McBride*, No. 20-cv-17578 (NLH) (KMW), 2021 WL 2310089, at *2 (D.N.J. June 7, 2021) ("The 'only possible remedy' for a speedy trial violation is the dismissal of the indictment, so this claim may only be brought in a habeas corpus proceeding." (quoting *Barker v. Wingo*, 407 U.S. 514, 522 (1972)); *Thatcher v. McLennan Cnty., Tex.*, C.A. No. 6:21-CV-01136-ADA-JCM, 2022 U.S. Dist. LEXIS 184487, at *3 (W.D. Tex. June 21, 2022) ("Initially, the Court notes that a pre-trial detainee may

6

only bring a speedy trial claim under 28 U.S.C. § 2241 [the federal habeas corpus statute] in an effort to force the state to bring him to trial." (citation omitted)).

However, even if the Court were to liberally construe Ellenburg's filings as being brought in a habeas corpus proceeding, his Complaint would fail because he has not exhausted his local court remedies. To bring a habeas corpus case, a prisoner must "exhaust available state [or local] court remedies before seeking federal habeas corpus relief. To comply with the exhaustion requirement, a state prisoner first must have fairly presented his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review." *Munchinski v. Wilson*, 807 F.Supp.2d 242, 269 (W.D. Pa. 2011) (citation omitted). Ellenburg has not complied with this requirement.[4]

Regarding Ellenburg's second claim that his extradition from Montana to the U.S. Virgin Islands was unlawful, his claim is moot. Even if the Court were to construe Ellenburg's claims liberally as proceeding in a habeas corpus action, he would not be entitled to relief "because he is already in the custody of the demanding state." *McGeachy v. Veley*, Civil No. 10-3343 (JLL), 2010 U.S. Dist. LEXIS 87574, at *5 (D.N.J. Aug. 24, 2010). "Once the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue." *Id.* (quoting *Harden v. Pataki*, 320 F.3d 1289, 1299 (11th Cir. 2003)).

---

[4] It should be noted, however, that Ellenburg's counsel and Ellenburg, himself, each filed motions seeking relief based on speedy trial claims. The first motion, by Ellenburg's counsel, was dismissed by the Superior Court as moot because it did not seek dismissal of the case. The second was rendered a nullity by the court because it did not comply with the court's order regarding *pro se* filings.

The Court will dismiss Ellenburg's Complaint with prejudice,[5] as any amendment by the Plaintiff would be futile for the reasons aforementioned. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (holding that a court must provide leave to amend "unless amendment would be inequitable or futile"). The Court will additionally adopt Magistrate Judge Henderson's recommendation to deny Ellenburg's Motion to Transfer (Dkt. No. 14) and Motion to Dismiss the Indictment (Dkt. No. 9) as moot.

### IV.  CONCLUSION

In view of the foregoing, the Court finds no plain error in Magistrate Judge Henderson's R&R to the extent that it recommends dismissal of the Complaint with prejudice and denial of the Motion to Transfer and Motion to Dismiss the Indictment as moot. The Court will therefore adopt Magistrate Judge Henderson's R&R as modified herein and *sua sponte* dismiss the complaint with prejudice.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 30, 2024                                      _____/s/_____
                                                              WILMA A. LEWIS
                                                              District Judge

---

[5] The Court's dismissal of this Section 1983 matter with prejudice does not preclude Ellenburg from bringing a habeas corpus action in accordance with the law.